# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STEVEN BROWN,
Plaintiff

vs

WARDEN VOORHIES, et al.,
Defendants

Case No. 1:07-cv-463-SSB-TSH

Beckwith, J.
Hogan, M.J.

## REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendants' Motions to Dismiss (Doc. 28, 30), and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 32).

Plaintiff, currently an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, initiated this action on January 9, 2007, with the filing of 424 paragraph complaint against numerous prison officials and others in the Eastern Division of the United States District Court for the Southern District of Ohio. (Doc. 1). The Complaint sets forth two distinct groups of claims. The first relates to various events that allegedly occurred at the Franklin County Jail while he was awaiting trial on criminal charges. Those events, or most of them, were also the subject of a prior case (Case No. 2:03-cv-384) which was dismissed on July 27, 2005 for failure to exhaust administrative remedies. The second group of claims relate to Plaintiff's confinement at State correctional facilities located within the Western Division of the Court at Cincinnati: LeCI, which is in Warren County, Ohio and/or the Southern Ohio Correctional Facility (SOCF), located in Scioto County, Ohio

On June 13, 2007, Magistrate Judge Kemp issued a Report and Recommendation to dismiss the Franklin County Court of Appeals Judges and

Ohio Supreme Court Justice Moyer.[1] (Docs. 6, 7). Magistrate Judge Kemp also ordered that the portion of Plaintiff's Complaint relating to conditions or events at the LeCI and SOCF be severed and transferred to the Western Division of the Court at Cincinnati. (Doc. 6, 7). This severed portion of the Complaint contains claims found at Paragraphs 275-347 against Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Sammons, Ellerby, Goodman, and Kelly. (Docs. 6, 7). Magistrate Judge Kemp directed the Clerk of Court to open a new case in the Cincinnati Division and to file all of the documents of record in that case. The Clerk was also directed to cause the docket to list as Defendants only Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Sammons, Ellerby, Goodman, and Kelly. The Court further ordered that the United States Marshal perfect service upon receipt of the necessary Form USM 285s, summons, and complaints from Plaintiff. Plaintiff was advised that if he did not supply appropriate documents to the Marshal to allow service to be made, any defendant not served within 120 days may be dismissed from the case. (Docs. 6, 7). Thus on June 13, 2007, the portion of the case naming Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Sammons, Ellerby, Goodman, and Kelly was transferred to this judicial district pursuant to Judge Kemp's Order. (Doc. 7).

On August 22, 1007, Plaintiff moved for additional time to serve the complaint. (Doc. 8). On August 27, 2007, Plaintiff moved for an Order directing providing him with postage and copies of the complaint so that he could provide the necessary forms to the United States Marshal and perfect service of the Complaint in accordance with the Court's June 13, 2007 Order. (Doc. 9). On September 24, 2007, this Court Issued an Order denying Plaintiff's motion to amend the Complaint to the extent that it sought to withdraw habeas Corpus claims which were unrelated to the Defendants named in the severed Complaint pending in this judicial district. (Doc. 10, p. 2). This Court further ordered that Plaintiff's request for postage and or photocopies was denied, but that his request

---

[1] On October 11, 2007, the district court in Columbus adopted the Magistrate Judge's Report and Recommendation. (*Brown v. Voorhies*, Case No. 2:07cv13, Doc. 21).

for additional time to submit Amended Complaint directed solely at Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Sammons, Ellerby, Goodman, and Kelly would be granted. (Id. at pp. 3-4). Plaintiff was given until October 31, 2007 within which to submit copies of his Amended Complaint, United States Marshal forms, and summons forms to the Clerk of Court. (Id.). Plaintiff was provided with 18 United States Marshal forms, 18 summons forms, and 18 form complaints so that Plaintiff could print copies of his Complaint for each Defendant if he so chose.[2]

On October 11 and 18, 2007, Plaintiff submitted copies of his Amended Complaint, United States Marshal forms, and summons forms for Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Ellerby, and Goodman.[3] However, these documents were not forwarded to the United States Marshal's Service for service in accordance with Magistrate Judge Kemp's Order, but were placed in the Court file "pending receipt of other required documentation for deadline set by Order of the Court of Oct 31, 2007." (CM/ECF Docket Entries10/11/07, 10/18/07). Thus, these Defendants were not served with copies of Plaintiff's Amended Complaint pursuant to the Court's prior Order. (Doc. 7).

The Ohio Attorney General filed a motion to dismiss for lack or proper service on March 20, 2008. (Doc. 15). On June 13, 2008 this Court issued a Report and Recommendation that the motion to dismiss be denied as to all Defendants except Defendants Kelly and Sammons.[4] (Doc. 18, p. 4). The Court concluded that Plaintiff was not at fault for the failure of the Clerk of Court to forward the forms which Plaintiff did submit in a timely manner to the United States Marshal for purposes of effecting service of process. (Id.). The Clerk of

---

[2] The Court was already in receipt of a United States Marshal form and summons form for Director Collins.

[3] Plaintiff did not submit these forms for Defendants Sammons and Kelly as ordered. Instead, Plaintiff submitted copies of his Amended Complaint, United States Marshal forms and summons forms for a Mr. Dillon, Mr. Charles Bailey, and the Medical Director of Ohio State Medical Center. As such, the required forms were not submitted by Plaintiff for Defendants Kelly and Sammons.

[4] The Court recommended that Defendants Kelly and Sammons be dismissed because, as noted above, Plaintiff did not tender the requisite forms for these two defendants. (See *supra*, n.3).

Court was then directed to release the copies of Plaintiff's Amended Complaint, United States Marshal forms, and summons forms for Defendants Voorhies, Wilkinson, Collins, the Warden of the Lebanon Correctional Institution, Crutchfield, McWeeny, Parks, York, Dailey, Runion, Cadogen, Smith, Bell, Ruggles, Ellerby, and Goodman to the United States Marshal to be served on each Defendant without delay. (Id.). On July 31, 2008, the remaining Defendants were served with Plaintiff's Amended Complaint. The District Court adopted this Court's Recommendations *in toto* on September 2, 2008. (Doc. 35).

Notwithstanding this Court's September 2, 2008 Order denying Defendants' motion to dismiss for lack of service, the Defendants now seek dismissal of Plaintiff's Amended Complaint, in part, on the grounds that they were never served with the original Complaint. Defendants further argue that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted because it set forth only vague and conclusory allegations.

The Court finds that Defendants' arguments concerning lack of service are without merit. It is undisputed that the remaining Defendants were served with copies of the Amended Complaint. To the extent that such service was not perfected prior to the Court's October 31, 2007 deadline, this Court has already found that such failure was not attributable to Plaintiff, and declined defendants' invitation to dismiss the action on such grounds. (Docs. 18, 35). Moreover, to the extent that Defendants argue they were never served with copies of the original Complaint, the Court notes that pursuant to Judge Kemp's June 13, 2007 Order, the Ohio Attorney General was served with a copy of the original Complaint. In addition, the original Complaint was filed with this Court and therefore has been available to all named parties via the Court's CM/ECF system since the case was transferred to this judicial district. While it is true that Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made, *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994), it is also true that the requirements of Rule 4 should be liberally construed when the defendant is not prejudiced. *See Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987). Moreover, a *pro se* plaintiff is entitled to some degree of leniency in the application of Rule 4's requirements "to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities." *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991).

As for Defendants' argument that the action should be dismissed for failure to state a claim because the allegations set forth in the Amended Complaint are too vague or conclusory, the motion should likewise be denied. To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007)(citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[5] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

In light of the Court's order directing Plaintiff to shorten his Complaint, the

---

[5]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of faets in support of his claim that which would entitle him to relief," when evaluating whether a complaint ean withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

5

Court cannot in good faith, penalize Plaintiff for doing so. The original Complaint, which describes in great, if not agonizing detail, the allegations upon which plaintiff bases his claims, is available on the Court's CM/ECF system for Defendants to review. As discussed above, a copy of the original Complaint was also provided to the Ohio Attorney General pursuant to the Court's June 13, 2007 Order. Plaintiff's Amended Complaint, with which Defendants concede they were served, incorporates by reference, the allegations set forth in Plaintiff's original Complaint. (Doc. 11, p.6). Thus, Defendants should be capable of reading the two documents together to determine "who did what, when where, or how." (Doc. 30, p. 6). Moreover, there is nothing to prevent Defendants from seeking further specificity from Plaintiff as to his claims through the discovery process.

For all these reasons, the Court hereby **RECOMMENDS** that Defendants' Motions to Dismiss be **DENIED**.

Date: 3/31/09

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981

J:\LES\prisoner1983\sbrown\sbrown.mtd2.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steven Brown 411609<br>PO Box 120<br>State Route 63<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4728 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

1:07cv463 (Doc. 52)