# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Steven S. Brown,            )
                            )
        Plaintiff,      ) Case No. 1:07-CV-463
                            )
  vs.                       )
                            )
Warden Voorhies, <u>et al.</u>,   )
                            )
        Defendants.     )

## O R D E R

This matter is before the Court on Magistrate Judge Hogan's Amended Report and Recommendation of March 24, 2009 (Doc. No. 47) and Plaintiff's objections to the Report and Recommendation (Doc. No. 56). In his Report and Recommendation, Magistrate Judge Hogan recommended that Plaintiff's motion for a temporary restraining order (Doc. No. 22) be denied. For the reasons that follow, the Court concludes that Plaintiff's objections to the Report and Recommendation are not well-taken; therefore, the objections are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for a temporary restraining order is not well-taken and is **DENIED.**

Plaintiff is a state prisoner currently incarcerated at Lebanon Correctional Institution. The complaint he has filed in this case asserts a variety of claims for constitutional violations, among them deliberate indifference to his serious medical needs. Plaintiff's motion for a temporary restraining order has two components. First, Plaintiff contends that on

prior occasions prison officials have transported him to Ohio State University Hospital for testing, but that they have failed to give him insulin for his diabetes.  As a result, his blood sugar became extremely elevated and he had to be admitted to the emergency room.  Plaintiff states that because the prison officials failed to give him insulin on these trips to the hospital he has refused to go again.  Plaintiff also claims to suffer from rectal bleeding.  He indicates in his motion that he has been scheduled for a colonoscopy at Ohio State but that it takes six to eight months to be admitted for the test.

The exact nature of the relief sought by Plaintiff in his motion is not clear, but presumably he wants the Court to order Defendants to administer his insulin when he is transported to the hospital for testing and to order his colonoscopy to be performed more quickly.  In his Report and Recommendation, Judge Hogan recommended that Plaintiff's motion for a temporary restraining order be denied.  Judge Hogan determined that Plaintiff is not entitled to injunctive relief because his motion seeks an order compelling Defendants to affirmatively correct constitutional deficiencies yet to be proven.  Plaintiff's objections essentially reiterate most of the points of his primary motion for injunctive relief.  Additionally, Plaintiff has asserted other allegations concerning denial of access to the courts and acts of retaliation by corrections officers which the

Court will not address because they were not raised in his motion.

The Court reviews the Magistrate Judge's Report and Recommendation on a dispostive matter de novo. Fed. R. Civ. P. 72(b).

To determine whether to grant a temporary restraining order, a district court must consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest. Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, 274 F.3d 377, 400 (6th Cir. 2001). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." Golden v. Kelsey-Hayes Co., 73 F.3d 648, 653 (6th Cir. 1996). However, where the plaintiff has not demonstrated any likelihood of success on the merits, the Court need not address the other factors. Ohio Republican Party v. Brunner, 543 F.3d 357, 362 (6th Cir. 2008).

On review of the pleadings, the Court concludes that Plaintiff has not demonstrated any likelihood of success on the merits of the claims asserted in his motion. Therefore, granting a temporary injunctive relief is not warranted.

The Court finds that Plaintiff's claim concerning the failure to administrate his insulin while being transported to the hospital for testing is not a justiciable claim because there is not a reasonable likelihood that this alleged violation will be repeated. City of Los Angeles v. Lyons, 461 U.S. 95, 104-05 (1983). Although Plaintiff alleges that it is a policy of the Ohio Department of Rehabilitation and Correction not to give inmates their medication on trips to the hospital, he has not submitted any evidence in support of this contention.

Plaintiff's claim concerning the delay in receiving colonoscopy testing fares no better. In order to prevail on a claim for a constitutional violation based on a delay in receiving medical treatment, the plaintiff must submit verifying evidence establishing the detrimental effect of the delay in receiving treatment. Dodson v. Wilkinson, 304 Fed. Appx. 434, 439 (6th Cir. 2008). In this case, Plaintiff has not submitted any evidence that he has been detrimentally affected by the delay in treatment. Accordingly, he has not established any likelihood of success on the merits of this claim.

## Conclusion

For the reasons stated, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and

4

Recommendation. Plaintiff's motion for a temporary restraining order is not well-taken and is **DENIED.**

		**IT IS SO ORDERED**


Date August 26, 2009				s/Sandra S. Beckwith
						Sandra S. Beckwith
					Senior United States District Judge