# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Steven S. Brown,            )
                            )
       Plaintiff,      ) Case No. 1:07-CV-463
                            )
  vs.                       )
                            )
Warden Voorhies, et al.,    )
                            )
       Defendants.     )

### O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of March 31, 2009 (Doc. No. 52) and Defendants' objections to the Report and Recommendation (Doc. No. 54). In his Report and Recommendation, Magistrate Judge Hogan recommended that Defendants' motions to dismiss (Doc. Nos. 28 & 30) be denied. For the reasons that follow, the Court concludes that Defendants' objections to the Report and Recommendation are not well-taken; therefore, the objections are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Defendants' motions to dismiss are not well-taken and are **DENIED.**

Magistrate Judge Hogan provided a comprehensive recitation of the procedural history of this case in his Report and Recommendation. The Court, therefore, will only summarize the case to date.

Proceeding pro se, Plaintiff Steven Brown, a state prisoner, filed a monolithic 100 page, 424 paragraph civil rights complaint against 57 prison officials and others arising out of

his detention and incarceration in Franklin County, Ohio, Southern Ohio Correctional Facility and Lebanon Correctional Institution ("LCI"). Plaintiff filed this complaint in the Eastern Division of this judicial district. Magistrate Judge Kemp ordered the claims relating to LCI severed from the complaint and transferred to the Western Division under a new case number. As recounted by Judge Hogan, the severed portion of the complaint in the instant proceedings covers paragraphs 275-347 and implicated 17 individual defendants.

On September 24, 2007, Judge Hogan entered an order (Doc. No. 10) which, <u>inter alia</u>, denied Plaintiff's motion to amend the complaint and for an order paying at government expense the costs of photocopying and mailing the complaint. In denying Plaintiff's motion to pay for copying costs, Judge Hogan observed that it was a problem of his own making since it was contrary to Rule 8(a)'s requirement to state "a short and plain" statement of the claims. Judge Hogan observed that Plaintiff could alleviate this problem by filing a short, plain statement of his claims. Judge Hogan then provided Plaintiff additional time to file an amended complaint containing only his claims arising out of this judicial district. Judge Hogan ordered Plaintiff to submit his amended complaint to the Marshals Service for service on the Defendants by October 31, 2007.

Plaintiff filed his amended complaint on October 10, 2007 on a standard form. In a section entitled "Note For The Record" Plaintiff indicated that he was essentially filing the amended complaint under protest and that he "again claim[ed] all violations in the original complaint." Doc. No. 11, at 6. On March 20, 2008, Defendants moved to dismiss the amended complaint under Rule 4(m) for failure to perfect service within 120 days. In a Report and Recommendation filed June 13, 2008, Judge Hogan found that the failure of service was not Plaintiff's fault because the Clerk of Court failed to forward his amended pleadings to the Marshals Service for delivery.[1] Judge Hogan directed the Clerk to submit Plaintiff's amended complaint to the Marshals for immediate service. Service on the remaining Defendants was accomplished by the end of July 2008.

Defendants Collins, Crutchfield, McWeeney, York, Runion, Smith, Ruggles, Cadogan and Ellerby filed motions to dismiss the amended complaint pursuant to Rule 12(b)(5) for failure to perfect timely service and for failure to state a claim pursuant to Rule 12(b)(6) on August 7 and 11, 2008 (Doc. Nos. 28 & 30). In their motions, Defendants argue that because the amended complaint incorporates by reference the amended

---

[1] While not particularly relevant here, Judge Hogan dismissed without prejudice claims against Defendants Sammons and Kelly because he failed to provide copies of the amended complaint for service to these defendants.

complaint, Plaintiff was required to serve them the original complaint. Since Plaintiff failed to serve them the original complaint, the amended complaint is subject to dismissal pursuant to Rule 12(b)(5) for insufficient service of process. Defendants also argue that the amended complaint, standing alone, is subject to dismissal under Rule 12(b)(6) for failure to state a claim because it contains "only conclusory and generalized references to medical care, access to the courts, retaliation, classification, and anti-Semitism without reference to who did what, when, where or how."

Magistrate Judge Hogan rejected Defendants' arguments in his Report and Recommendation. With respect to Defendants' Rule 12(b)(5) motion, Judge Hogan first observed that it was not disputed that Defendants had been served copies of the amended complaint. Judge Hogan notes further that the Court had already determined that Defendant was not at fault for failure to serve the complaint prior to the October 31, 2007 deadline. To the extent that Defendants contended that they had not been served the original complaint, Judge Hogan stated that it was available to the Defendants via the Court's CM/ECF docketing system and that pro se plaintiffs are entitled to some degree of leniency with regard to application of Rule 4's service requirements. With respect to Defendants' Rule 12(b)(6) motion, Judge Hogan felt that, having ordered Plaintiff to shorten his complaint, it

4

would be unfair to penalize him for having done so.  Judge Hogan again noted that the amended complaint incorporates by reference the original complaint and that it is available for Defendants to review on CM/ECF.  Thus, according to Judge Hogan, Defendants should be capable of reading the two documents together to ascertain the "who, what, when, where, or how" of Plaintiff's claims.  Therefore, Judge Hogan recommended that Defendants' Rule 12(b)(6) motion be denied.

Defendants now object to Judge Hogan's Report and Recommendation.  Defendants argue that by incorporating by reference his original complaint, Plaintiff is simply attempting to avoid the Court's prior order denying his request to pay the costs of photocopying and mailing the original complaint.  Defendants again note that they were never served a copy of the original complaint and that the amended complaint was not served in compliance with the Court's October 31, 2007 deadline.  Moreover, Defendants argue, the amended complaint supersedes the original complaint and, thus, the Court cannot consider the original in determining whether the amended complaint states a claim for relief.  Defendants then reassert that the amended complaint is vague and conclusory and thus fails to state a claim for relief.

The district court reviews de novo a magistrate judge's report and recommendation on a dispositive issue, such as a motion to dismiss. Fed. R. Civ. P. 72(b).

As an initial matter, to the extent Defendants argue that the amended complaint was not served in a timely fashion, their objections are not well-taken. Rule 4(m) allows the district court to extend the time period for serving the complaint upon a showing of good cause. As Judge Hogan observed in his Report and Recommendation, it has already been determined that Plaintiff was not at fault for failing to serve the amended complaint by October 31, 2007 and it was promptly served when it was discovered that the Clerk of Court had not forwarded the paperwork to the Marshals Service. Accordingly, the amended complaint is not subject to dismissal under Rule 4(m).

Defendants argue, however, that since the amended complaint incorporates by reference the original complaint, the amended complaint is subject to dismissal pursuant to Rule 4(m) because they were never served with the original complaint. In a somewhat related argument, Defendants argue that the amended complaint supersedes the original complaint, rendering the original a nullity. Hence, Defendants contend, without the support of the original complaint, the amended complaint is subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

Federal Rule of Civil Procedure 10(c) permits one pleading to incorporate by reference another pleading: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). Although in most circumstances the amended complaint supersedes the original complaint, this rule does not apply when the amended complaint incorporates by reference the original. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Generally, "the incorporation must be done with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation." Carroll v. Fort James Corp., 470 F.3d 1171, 1176 (5th Cir. 2006).

In this case, Plaintiff's amended complaint admittedly only incorporates the original complaint in wholesale fashion. On the other hand, in his Report and Recommendation, Judge Hogan clearly delineated the relevant portions of the original complaint that are applicable in these proceedings. Doc. No. 52, at 2. There does not seem to be any dispute that Judge Hogan accurately performed that task, albeit on Plaintiff's behalf. Therefore, in the Court's judgment, the amended complaint's incorporation of the original complaint is sufficiently specific that it does not completely supersede the original complaint. Moreover, Judge Hogan correctly concluded that read together, the two complaints sufficiently put the Defendants on notice of the

"who, what, when, where, or how" of Plaintiff's claims. In any event, read together, the two complaints transcend mere vague and conclusory allegations of constitutional violations. Therefore, the amended complaint is not subject to dismissal under Rule 12(b)(6) on that basis.

The remaining issue is whether the amended complaint is subject to dismissal because Defendants were never served with the original complaint. The Court has already concluded that the amended complaint appropriately incorporates by reference the relevant allegations of the original complaint. Rule 10(c), therefore, properly applies here and, in that circumstance, the Court is not aware of any authority that requires timely service of the pleading being incorporated. The Court agrees with Judge Hogan that service of the amended complaint was sufficient under the circumstances of this case to comply with Rule 12(b)(5) and that the Defendants can simply access the original complaint through the CM/ECF system to complete the pleadings. Therefore, the Court finds that under the particular circumstances obtaining here, Plaintiff was not required to serve the original complaint on the Defendants.

## Conclusion

Accordingly, for the reasons stated, Defendants' objections to the Report and Recommendation and are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and

Recommendation. Defendants' motions to dismiss are not well-taken and are **DENIED.**

**IT IS SO ORDERED**

Date August 26, 2009          s/Sandra S. Beckwith
                                Sandra S. Beckwith
                       Senior United States District Judge