# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| STEVEN S. BROWN,<br>Plaintiffs, | Case No. 1:07-cv-463 |
| vs<br>WARDEN VOORHIES, et al.,<br>Defendants. | **ORDER and**<br>**REPORT AND**<br>**RECOMMENDATION**<br>(Beckwith, J.; Hogan, M.J) |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 36) and Motion to Supplement Motion for TRO and Preliminary Injunction (Doc. 41). To date, Defendants have not filed a response to Plaintiff's motions.

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that Plaintiff has neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter. While Plaintiff has made a cursory attempt to apply the above factors to his situation, he has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claim, or that he will suffer irreparable harm absent an immediate injunction.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction, that is, to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102, would not be served. The present status quo in this case is,

according to Plaintiff, that he has suffered a violation of his constitutional rights under the Eighth Amendment. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 36) and be DENIED.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Supplement Motion for TRO and Preliminary Injunction (Doc. 41) be DENIED AS MOOT.

Date: 9/10/09

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ____ ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Stevens S Brown 411609<br>PO Box 120<br>State Route 63<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4223 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv463 (Doc. 65)