**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Steven S. Brown,          )
                          )
        Plaintiff,        ) Case No. 1:07-CV-463
                          )
   vs.                    )
                          )
Warden Voorhies, et al.,  )
                          )
        Defendants.       )

O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of September 10, 2009 (Doc. No. 65) and Plaintiff's objections to the Report and Recommendation (Doc. No. 76). In his Report and Recommendation, Magistrate Judge Hogan recommended that Plaintiff's motion for a temporary restraining order (Doc. No. 36) and motion to supplement the motion for a temporary restraining order (Doc. No. 41) be denied. For the reasons that follow, the Court concludes that Plaintiff's objections to the Report and Recommendation are not well-taken; therefore, the objections are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for a temporary restraining order and motion to supplement are not well-taken and are **DENIED.**

Plaintiff is a state prisoner now incarcerated at Southern Ohio Correctional Facility. The complaint he has filed in this case asserts a variety of claims for constitutional violations, among them deliberate indifference to his serious

medical needs.  Plaintiff's pleadings continue to present a moving target for the Court and the Magistrate Judge to contend with.  Plaintiff's initial motion for injunctive relief and the supplement allege a number of past actions by corrections officers that allegedly violated his constitutional rights.  For instance, Plaintiff claims that he was beaten by corrections officers and that they ate his kosher food.  Additionally, the motion alleges that it takes too long to be transported to the hospital so he can receive necessary medical tests.  In his Report and Recommendation, Magistrate Judge Hogan correctly determined that a temporary restraining order is not the proper mechanism for remedying past violations yet to be proven. Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 226 (6th Cir. 1996) (stating that "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had.").  Moreover, the Court addressed the issue of Plaintiff's medical tests in a prior order and concluded he was not likely to succeed on the merits of that claim.  Doc. No. 63.

      Plaintiff's objections, instead of addressing any alleged errors in the Report and Recommendation, simply add a new laundry list of constitutional violations allegedly perpetrated against him by unidentified corrections officers.  The Court, therefore, need not consider Plaintiff's objections.  Mira v.

Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.").

## Conclusion

For the reasons stated, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for a temporary restraining order and motion to supplement the motion for a temporary restraining order are not well-taken and are **DENIED.**

**IT IS SO ORDERED**

Date November 30, 2009               s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                           Senior United States District Judge